By the Court.
The judgment of the court of appeals is hereby affirmed upon the grounds ably and fully stated in the opinion of the court of appeals of the fourth circuit sitting in Franklin county, Ohio, to which this cause was submitted.
The opinion by Judge Thomas A. Jones, then a member of the court of appeals, and now a member of this court, was as follows:
“Jones, Thos. A., J. This cause is in the court of appeals on error from the common pleas, that court having sustained a demurrer to plaintiff in error’s amended petition and dismissed the action. This is the sole ground of error claimed.
“The cause having originated in the common pleas court, the county insists that the claim should have been presented to the county commissioners in the first instance and, having been disallowed, *180 should have reached the common pleas by way of appeal. Not having pursued this remedy, the county asks a dismissal of the case in this court for want of jurisdiction.
“The amended petition states that in December, 1909, the board of real estate assessors of Columbus employed plaintiff to furnish the said board expert assistants and to render expert assistance to the board in connection with the valuation of real property within the municipality; that certain persons named under the employment of plaintiff, as agents and employes, rendered certain services as expert assistants to said board in relation to such valuation. These, services are set forth in detail and the reasonable value thereof set forth.
“The amended petition alleges that said services were rendered at the special instance and request of the board and accepted by it; that the total cost of said quadrennial .appraisement, including the amount due plaintiff, does not exceed one-twentieth of one per cent, of the total tax duplicate; that the board adjourned finally on October 26, 1910, and that the return of the board, as modified by the board of review, constitutes the basis of taxation for real property of the city; that prior to its adjournment the board ordered that the plaintiff should be paid for. its services the sum of $8,000.
“The plaintiff asks for judgment in the sum of $13,005 and interest;
“The demurrer to this pleading was a general one.
“The amended petition is founded upon an implied contract and seeks to recover as upon a *181 quantum meruit. The action is brought- under favor of Section 5545, General Code:
“ Tf a board of real estate assessors in a city deems it necessary to enable it, within the time herein prescribed, to complete the proper listing and valuation of the real property within such city, it may employ a chief clerk and appoint such expert assistants as it may deem necessary, and fix their compensation. Such compensation shall be paid out of the county treasury upon the order of the board of assessors and the warrant of the county auditor. Such incidental expenses as the board deems necessary, shall be paid out of the county treasury in like manner. The total cost of a quadrennial appraisement in a city shall not exceed the sum of one-twentieth of one per cent, of the total tax duplicate thereof, for the year next preceding that in which such quadrennial appraisement is made, unless such excess has been authorized by the board of county commissioners and auditor of the county in which the city is situated prior to the incurring thereof and has been incurred in accordance with such reasonable provisions and regulations as have been prescribed by the board of county commissioners and county auditor.’
“The confusion and difficulty that arises from this pleading attaches to the allegation therein that the board of assessors ordered that plaintiff should be paid the sum of $8,000 when the entire scope of the pleading seems to base the right of recovery upon the reasonable value of the services rendered and accepted.
“The language of the act, it seems to us, requires *182 an express contract between the board and expert assistants and precludes the idea of any implied contract between them. It provides that the board may appoint expert assistants and fix their compensation. It then provides that this compensation shall be paid out of the county treasury upon the order of the board and the warrant of the county auditor.
“The amended petition discloses that an order was issued by the board, but does not allege any agreement fixing the compensation. The plaintiff falls upon the two horns of a dilemma. If we conceive the action as founded upon a claim ‘fixed by some other person or tribunal,’ then by the provisions of Sectipn 2460, General Code, the claim is to be paid upon the warrant of the county auditor upon the certificate of that tribunal or person. If the auditor refuses, then mandamus is the proper remedy for relief. In that connection the board of county commissioners have no more to do with such a claim than the township trustees. With claims of that character they have no concern, for they do not come within the range of their 'official duties. And if the purpose of alleging the order to plaintiff by the board for $8,000 was to bring it within the section named, the plaintiff would be relegated to its suit against the official at fault, viz., the county auditor.
“However, we attach little value to .the • allegation in question, and consider the claim based solely upon an implied contract against the county. For the purposes of this case we cannot consider the written contract of the parties and its legality as *183 argued by counsel, .for that feature need not be disposed of, though the circuit court of Franklin county, as appears from the opinion of Judge' All-read, held the employment invalid because the board not only delegated its powers but delegated it to a corporation.
“On the other hand, construing the amended petition as upon an implied contract for the reasonable value of services rendered, the function of the board of assessors in fixing compensation passed out of the case, and it becomes one simply for a liability against the county, not for a fixed contractual sum but for services rendered and accepted by the county. In this view, this character of claims must be presented for allowance to the board of county commissioners under Section 2460, General Code; and since the claim is not founded upon a contract which the commissioners are authorized to make, it would seem that an appeal would be necessary under Section 2461, General Code. Commissioners v. Ziegelhofer, 38 Ohio St., 523.
“For the reasons stated we do not think the amended petition states facts sufficient. The lower court did not err, and its judgment is affirmed.
“Walters and Sayre, JJ., concur.”

Judgment affirmed.

Wanamaker, Newman and Matthias, JJ., ' concur.
Nichols, C. J., Johnson and Donahue, JJ., dissent.
Jones, J., not participating.